UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT BALLARD, JR.,

    Petitioner,

    v.                        CAUSE NO.: 3:19-CV-180-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Robert Ballard, Jr., a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 18-12-0302) in which a Disciplinary Hearing Officer (DHO) found him guilty of Battery in violation of Indiana Department of Correction policy A-102. ECF 1 at 1, 5. As a result, he was sanctioned with the loss of 180 days earned credit time and demoted in Credit Class. *Id*. The Warden has filed the administrative record. ECF 5. Ballard did not file a traverse, and the time to do so has passed. *See* N.D. Ind. L. Cr. R. 47-2. Thus, this case is now fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). To satisfy due process, there must also be "some evidence" in

the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 454 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis."
*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

On December 19, 2018, Sgt. Betzner wrote a conduct report charging Ballard with violating offense A-102, Battery, which prohibits:

> Knowingly or intentionally touching another person in a rude, insolent, or angry manner; or in a rude, insolent, or angry manner placing any bodily fluid or bodily waste on another person.

Indiana Department of Correction, Adult Disciplinary Process: Appendix I.

https://www.in.gov/idoc/files/02-04-101%20Appendix%20I%206-4-2018.pdf.

The conduct report states:

> On 12-19-18 at approximately 8:20AM, I Sgt. D. Betzner was assigned to DHB. While conducting a hearing of offender Ballard, Robert 149589 K420 he became upset about the sanctions he'd received on a threatening conduct. When asked to sign his copy he stated he wasn't going to sign that and appeared to be getting up to leave. At that, the offender picked up the chair he was sitting on and threw it at me striking me on my right wrist. Following this the offender ran out of the room. I then called a signal for assistance and followed the offender out of the room. I pulled out my can of O.C. and ordered the offender to stop, which he complied to. I then ordered him to put his hands behind his back to be restrained. The offender complied with those orders and he was escorted to RHU by yard staff.

ECF 5-1.

On December 24, 2018, Ballard was notified of the charge when he was served with the conduct report and screening report. ECF 5-2. He pled not guilty to the charge and requested the assistance of a lay advocate, a witness statement from Offender Crum, and DVR video review of the incident. *Id*. The request for the lay advocate was granted; however, Offender Crum declined to provide a witness statement because he did not want to get involved, and the request for DVR review was denied because no such footage exists. ECF 5-3, ECF 5-4, ECF 5-5.

On December 29, 2018, the DHO held Ballard's hearing. ECF 5-6. Ballard pled not guilty. *Id*. After considering the evidence, including the conduct report and Ballard's not guilty plea, the DHO found Ballard guilty of violating offense A-102. *Id*. Ballard was sanctioned with the loss of 180 days earned credit time and was demoted in credit class. *Id*. The DHO noted that the sanctions were imposed due to the seriousness of the offense, the offender's attitude and demeanor during the hearing, the degree to which

the violation disrupted/endangered the security of the facility, and the likelihood of the sanction having a corrective effect on Ballard's future behavior. *Id*.

In his petition, Ballard asserts he is entitled to habeas corpus relief because there was insufficient evidence for the DHO to find him guilty. ECF 1 at 2–3. In assessing the sufficiency of the evidence, a conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. Sgt.Betzner wrote a conduct report documenting that, on December 19, 2018, at about 8:20 a.m., Ballard became upset, picked up the chair he was sitting on, and threw it at Sgt. Betzner striking him on the right wrist. Given the details provided in Sgt. Betzner's conduct report, there was "some evidence" for the hearing officer to find him guilty of violating offense A-102.

Nevertheless, Ballard argues that there was insufficient evidence of the battery because there were no photos or medical reports of Sgt. Betzner's injuries. However, Sgt. Ballard's conduct report did not state that he was injured, just that the chair had hit him on the wrist. A battery occurs when an offender "[k]nowingly or intentionally touch[es] another person in a rude, insolent, or angry manner." Appendix I. https://www.in.gov/idoc/files/02-04-101%20Appendix%20I%206-4-2018.pdf. An injury is not necessary to sustain a charge of battery. *Id*. Because the actions described in the conduct report satisfy the criteria for battery that was in effect at the time Ballard was charged, this argument lacks merit.

Ballard also alleges that the chair he threw missed Sgt. Betzner. However, this argument improperly invites the court to reweigh the evidence in this case by crediting his version of the events over Sgt. Betzner's. The court is not "required to conduct an

examination of the entire record, independently assess witness credibility, or weigh the evidence." *McPherson*, 188 F.3d at 786. Rather, it is the court's role to determine if the hearing officer's decision to revoke good time credits has some factual basis. *Id*. Here, the hearing officer considered the evidence and logically concluded that Ballard battered Sgt. Betzner when he became angry, threw the chair, and struck him with it. That analysis was sufficient. Similarly, Ballard argues that Sgt. Betzner should not be believed because he claimed he was assaulted multiple times in the past. However, even if Sgt. Betzner's prior altercations with other offenders were relevant to this case—which they are not—asking the court to consider them would include an independent assessment of Sgt. Betzner's credibility that the court need not undertake. *See id*. Thus, the DHO's finding was neither arbitrary nor unreasonable in light of the facts presented in this case, so this ground does not state a basis for habeas corpus relief. *See Hill*, 472 U.S. at 457 (due process "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board").

Finally, Ballard contends that his due process rights were violated because he was not provided with the requested video evidence. He claims that he was told by an unnamed correctional officer that he or she saw the video in question; however, other than his own statement in the petition, he provides no evidence to back up this claim. Inmates have a right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.3d 1002, 1005 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996).

5

Contrary to Ballard's assertion, however, he was not denied the right to present this type of evidence at his hearing. Rather, the evidence he requested did not exist. According to a memo written by DSO D. Anderson in response to Ballard's original request, there was no DVR access to the corner of the room where the incident occurred, hence no video evidence was recorded. ECF 5-5. Accordingly, there was no due process violation. *See Wolff*, 418 U.S. at 566 (Inmates do not have a right to create evidence that does not already exist because "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits."); *see also Webb v. Superintendent*, No. 3:14-CV-95-TLS, 2014 WL 3660728, at *1 (N.D. Ind. July 23, 2014) (Although due process guarantees inmates "the right to request relevant, exculpatory evidence, it does not guarantee that the prison capture video of every event in the facility.").

Accordingly, Ballard has failed to identify any basis for granting habeas corpus relief in this case. If Ballard wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F. 3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, the petition for writ of habeas corpus filed by Robert Ballard, Jr., (ECF 1) is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on September 21, 2020

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT